N&S JOINT VENTURE, Plaintiff

v.

PERVO PAINT COMPANY,
GRAND INTERNATIONAL INC.,
AND DOE I - X, Defendants

Civil No. 899-79
Superior Court of Guam
May 1, 1980

- - - - -

- - - - -

RAKER, Judge

## DECISION AND ORDER

The above entitled matter came on for hearing on Defendants' motions to quash summons for lack of jurisdiction on March 20, 1980, before the Honorable Judge John P. Raker. Briefs and supporting documents were filed. Robert Klitzkie appeared for Defendant, PERVO PAINT COMPANY, and Nancy Nye appeared for defendant, GRAND INTERNATIONAL, INC. Plaintiff appeared through counsel, Matthew Gruskin. Court ruled to take judgment under advisement.

The Court will rule on both motions in this order, which are based substantially on the same facts.

Both defendants argue that they are not amenable to this Court's jurisdiction under §406.1 of the Code of Civil Procedure because neither parties have been "doing business" on Guam sufficient to confer personal jurisdiction on them.

The issue of in personam jurisdiction over a non-resident corporation has been dealt with extensively by the United States Supreme Court. In its decision from the landmark case of International Shoe Co. v. Washington, 326 U.S. 310, 90 L.Ed. 95 (1945) the Supreme Court stated that "... due process requires only that he (the defendant) have certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." The Court reamplified its decision towards expanding the power of state courts to take jurisdiction over nonresident corporations in the subsequent decisions of McGee v. International Life Insurance Co., 355 U.S. 220, 2 L.Ed. 223, and again in Hanson v. Denckla, 357 U.S. 235, 2 L.Ed. 1283. Minimum contacts with the forum state still remains the prerequisite test.

The California courts have been more liberal in their interpretation of the Supreme Court's "minimum contact" decisions. The leading case in California on the issue is Buckeye Boiler Co. v. Superior Court, 71 C.2d 893, 80 Cal.Rptr. 113 (1969). Buckeye clarified §411(2) C.C.P., which is identical to Guam's former §406.1 C.C.P. The Court stated that as a matter of commercial actuality "a manufacturer engages in economic activity within a state . . . whenever the purchases or use of its product within the state generates gross income . . . and is not so fortuitous or unforeseeable as to negative the existence of an intent . . . to bring about this result." Soon after, and in a response to Buckeye, the California legislature repealed §411(2) and enacted a new §410.10 of the Code of Civil Procedure which is commonly referred to as California's "long arm statute". California may now reach out and take jurisdiction over a nonresident defendant where to do

so would not violate the Constitution of the United States or the State of California.

With all this recent trend towards opening the limits of jurisdiction Guam has been struggling with the confusion of former §406.1 Code of Civil Procedure with little success. The Fifteenth Guam Legislature recently passed Public Law 15-69 which has repealed §406.1 Code of Procedure effective October 1979, and updated our statutes similar to California's revision. For the purpose of this decision we must construe the law in effect at the time this suit was filed, which is under the old §406.1 Code of Civil Procedure, and disregard any interpretation that the new §406.1 can be applied retroactively to this case.

While "minimum contacts" remains the prerequisite test under the Supreme court rulings, former §406.1 Code of Civil Procedure speaks in terms of "doing business" on Guam, and our focus must be addressed towards the language and validity of the statute.

In case of <u>Nanette Magallano</u> v. <u>The Firestone Tire and Rubber Co.</u>, Civil Case No. 444-77 the Superior Court of Guam upheld the validity of former §406.1 Code of Civil Procedure as a proper procedure for serving a nonresident corporation, thereby conferring upon it the jurisdiction of Guam's courts. The remaining issue then is whether either defendants were "doing business" on Guam within the meaning of former §406.1 Code of Civil Procedure.

There is no exact test for determining whether or not a nonresident defendant is doing business on Guam. It is the combination of local activities, their manner, extent and character which determines the issue of jurisdiction. It must be shown that the nonresident defendant "maintained a representation which gave it in a practical sense, and to a substantial degree, the benefits and advantages it would have enjoyed by operating through its own office." <u>Reeder Contractors of Arizona</u> v. <u>Higgins Ind.</u>, 265 F.2d 768 (CA9 1959). The court must consider (1) has the nonresident defendant through his acts purposefully availed himself of the privilege of conducting activities in the forum state, (2) does the claim arise out of, or result from the defendant's forum-related activities, and (3) will the exercise of jurisdiction be reasonable so as not to offend traditional notions of fair play and substantial justice.

As shown from the affidavits filed by both sides, defendant, GRAND INTERNATIONAL, was a wholesale contractor for plaintiff. After several months of negotiations and representations, some of which included visits by GRAND into Guam, plaintiff was able to secure the purchase of PERVO paints. At all times GRAND was acting as a wholesale dealer for plaintiff, and even after the paint proved unsatisfactory,

GRAND continued to coordinate correspondences between PERVO and plaintiff to cure the defect. Defendant has shown to a substantial degree, that it intended by its acts to engage in business activities on Guam such that economic benefit would be derived. While GRAND does not claim to have any office on Guam, sales representative, or advertising outlet here, its acts throughout the entire length of this case demonstrates GRAND intended to engage in business activities with the resident plaintiff. In <u>Island Equipment Company</u> v. <u>Teledyne Isotopes, Inc.</u>, Civil Case No. 713-78, the Superior Court upheld the jurisdiction over a California corporation upon facts similar to the instant case involving GRAND. This Court, therefore, concludes that GRAND'S actions have made it amendable to the jurisdiction of Guam's courts.

As regards the acts of defendant, PERVO PAINTS, INC., this Court does not reach the same conclusion. Plaintiff states that PERVO is subject to jurisdiction based on the fact it knew the paints were being shipped to Guam, and that upon learning of the defective condition of the paints it made several direct communications with plaintiff to correct the problems.

Nowhere has this court found that the mere knowledge one's product will be shipped to a particular state is sufficient to conclude that the corporation has thereby availed itself of the privilege of doing business in that state. PERVO'S knowledge alone does not lead this Court to conclude PERVO was engaged in any kind of substantial activity within our jurisdiction.

With regard to the several direct correspondences with plaintiff, this Court generally agrees with the favored position that compromises and negotiations should be encouraged to adjust any difficulties arising in a contract. 15 Cal. Jur. §380. Imposing jurisdiction upon a nonresident defendant based on the fact the defendant has made several efforts to remedy a defect would tend to chill the purposes behind compromise. The Court cannot conclude that the efforts of PERVO to cure the defects in the paints, without more, is sufficient to show PERVO was "doing business" on Guam.

Based upon the above discussion, it is ordered that service of process be quashed in favor of PERVO PAINT, INC., and upheld against GRAND INTERNATIONAL.

Motion to quash for PERVO PAINT, INC., GRANTED.

Motion to quash for GRAND INTERNATIONAL, DENIED.

SO ORDERED.